# SUPERIOR COURT OF THE STATE OF DELAWARE

FIRST STATE ORTHOPAEDICS,
P.A., on behalf of itself and all others
similarly situated,

Plaintiff,

v.

EMPLOYERS INSURANCE
COMPANY OF WAUSAU, *et al.*

Defendants.

: C.A. NO. S19C-01-051 CAK

Submitted: March 27. 2020
Decided: May 12, 2020

## MEMORANDUM OPINION AND ORDER

*Upon Defendants' Motion to Dismiss - **DENIED***

John S. Spadaro, Esquire, John Sheehan Spadaro, LLC, 54 Liborio Lane, Smyrna, DE 19977, Attorney for Plaintiff

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, Nemours Building, 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, DE 19899, Attorney for Defendants

D. Andrew Hatchett, Esquire, Tiffany Powers, Esquire & Robert Poole, Esquire, Alston & Bird, One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309-3424, *Pro Hac Vice* Counsel for Defendants

**KARSNITZ, J.**

Plaintiff First State Orthopaedics, P.A. ("FSO") filed a Complaint alleging violation of the Delaware Workers' Compensation Act by Defendant insurers. FSO proposes to proceed as a class action.

In general terms Delaware law requires worker's compensation claimants, or their health providers, to submit medical bills for medical treatment alleged to be related to the work injury to the responsible insurance carrier. The carrier then either pays the bill or gives a reason for not paying. The Complaint alleges that the Defendants when refusing to pay routinely gave the following reason (or one substantially similar):

> This service is not authorized by case manager. Please contact the case manager for further information.[1]

FSO alleges it provides medical services to many injured workers and received the notice, along with many other health care providers. FSO is seeking a judgment, and nothing else, for itself and the class of medical providers, declaring that Defendants' conduct violates Delaware Workers' Compensation law.

Defendants' initial response was to seek removal to Federal District Court. The Federal Court remanded the case back to this Court in late August, 2019. Defendants then moved to dismiss the Complaint. Briefing ensued and oral

---

[1]Complaint at Docket Index 1

2

argument was held in February, 2020. I allowed additional briefing on the issue of whether Plaintiff's claim was moot, and that briefing was concluded in March. Defendants claim the controversy is moot because they stopped the complained-of practice before the Complaint was filed when they stopped using a certain computer software program.

## DEFENDANTS' INITIAL TWO ARGUMENTS

When Defendants initially filed the motion to dismiss they made two arguments. First, Defendants asserted Plaintiff's claim should have been reviewed by the Delaware Industrial Accident Board and not this Court. In the alternative Defendants argued that the challenged notice was in compliance with law.

## PLAINTIFF'S RESPONSE

In response to the first argument FSO referred me to a Delaware Supreme Court case which allowed claims associated with a work injury to be adjudicated outside the normal system. Plaintiff disagrees with Defendant's claim the notice given was sufficient since it provided no meaningful or substantive information.

## DEFENDANTS' LAST ARGUMENT

After the filing of the Complaint, motion practice seeking removal to Federal Court, remand back to this Court, the filing of a motion to dismiss and

3

filing of Opening and Answering briefs on the motion, Defendants in their Reply brief raised a third reason for dismissal. In their Reply brief Defendants for the first time told me they had discontinued the complained of practice, and thus dismissal was appropriate since Plaintiff lacked standing and its claim was moot. I find it relevant that Defendants raised the mootness argument after many months of defending the practice.

## ANALYSIS

### 1. The Exclusivity Provision

I initially found merit in the argument that Plaintiff's allegations should be resolved by the Industrial Accident Board. After all, the Board has original jurisdiction over workers' compensation claims.[2]

A distinction exists, however, between the ordinary administrative proceedings for benefits and civil litigation aimed at reforming a discrete claims-handling practice. Our Supreme Court in *Pierce v. Int'l. Ins. Co. of Ill.*[3] reversed an order granting summary judgment in favor of a carrier as to a claim for bad faith in handling a worker's compensation claim. The Superior Court had granted

---

[2] See generally 19 *Del. C.* §2301A (i).

[3] 671 A.2d 1361 (Del. 1996).

4

the insurer's motion based upon the then extant exclusivity provision.[4]

In reversing the Superior Court the Supreme Court said:

> Our previous decisional law has broadly interpreted the exclusivity provisions of the WCL.... Where, however, as here, the injury alleged by the employee arose after the work-related accident, the provisions of 19 *Del C.* §2304 are inapplicable.... This temporal difference, rather than the non-physical nature of the harm, is significant and negates the argument that the legislative intention was for the exclusivity bar to apply.[5]

The temporal difference between, for example, an employee or employer's work place negligence, to which exclusivity would apply, and an insurer's claims handling which by definition follows the injury, to which exclusivity does not apply, is *Pierce's* controlling principle.[6] The *Pierce* rule is particularly applicable to claims not by the injured worker, but by her medical provider for claims-handling process disputes.

The Federal Court's decision remanding this dispute provides further support for Plaintiff's position. I was provided a part of the transcript from the

---

[4]Then found at 19 *Del. C.* §2304.

[5]*Pierce, supra* at 1365

[6]See also *First State Orthopaedics, P.A. v. Liberty Mutual Ins. Co.,* 2016 WL 6518999 (Del. Super. Nov. 1, 2016).

5

Federal Court's decision, in which the Court said, *inter alia*:

> On this point I'm persuaded now that the object of this is to be able to make an informed decision whether or not to challenge particular denials of claims that the plaintiff has submitted and that the various defendants have denied. The object of the litigation is not to recover the 166,000 or so dollars of claims that defendants have put in evidence as the value of the claims that have been denied. ...It is instead to be able to make a decision that is an informed decision as to whether or not to try to seek, through, the channels that have exclusive original jurisdiction, the IAB, whether to seek to recover all or some of these dollars that were denied on informed basis.[7]

The Federal Court's decision gives further support that the case is about claims handling, as in *Pierce*, and not individual benefits.

## 2. The Explanation for Non-Payment

19 *Del. C.* §2322F(e) reads in full:

(e)     Denial of payment for health care services provided pursuant to this chapter, whether in whole or part, shall be accompanied with written explanation of reason for denial.

In Defendants' opening brief they argue that the response to a claim

---

[7]*First State Orthopaedics, P.A. v. Employers Ins. Co. of Wassau,* C. A. No. 1:19-CV-00509-LPS, hearing tr. At 51-55 (D. Del., Aug. 23, 2019).

6

for payment of medical bills which stated the service was "not authorized by case manager" satisfies the statutory mandate. According to Defendants the plain language of the statute allows the tautological response "we deny it because we deny it". I disagree.

Delaware law jealously guards the right and obligation of the legislature to control outcomes through selection of statutory language.[8] Courts should not rewrite statutes to meet their view of policy. But for me it does not rewrite subsection 2322F(e) by requiring any denial be meaningful. More than "we won't pay because we say so, talk to the manager" is required.

In any event I am unwilling to accept Defendants' position at this stage of the litigation that the proferred explanation satisfies the notice provision as a matter of law.

### 3. Cessation and Mootness

Defendants first raised these related issues in their Reply Brief in support of their motion to dismiss. In their filing Defendants explained that before this lawsuit was even filed Defendants were using different software which eliminated the "see the manager" denial. As a result, according to Defendants, the issue was moot, Plaintiff had no standing to challenge the denial, and Defendants'

---

[8]*Arnold v. State*, 49 A.3d 1180 (Del. 2012).

motion should be granted.

Two points are relevant to me. First, I have no information as to why it took until ten months into the litigation to raise the issue.[9] Second, even though Defendants claim they are not currently using the form of denial, they are still defending the practice leaving the specter of its use in the future.

The mootness issue is a more difficult one. The fact that Defendants no longer use the complained-of practice creates a theoretical tone to the proceeding, a "tilting at windmills" flavor.

The mootness claim implicates the doctrine of voluntary cessation. The voluntary cessation of wrongful conduct does not moot a case or controversy or deprive a court of its power to determine the legality of a practice.

> [I]f it did, the courts would be compelled to
> leave ([t]he defendant)...free to return to his old
> ways.[10]

Defendants' response is to draw a distinction between ending the practice prior to suit being filed, and ending it while suit is pending. I would have considered this a serious impediment to Plaintiff's case had Defendants not

---

[9]The Complaint was filed January 31, 2019. Defendants' Reply Brief was filed November 18, 2019.

[10]*Friends of the Earth, Inc. v. Laidlaw Envtl. Services*, 528 U.S. 167, 189 (2000), quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

8

continued their defense of the practice through today. The inescapable conclusion is Defendants may return to their old ways in the future.

If Defendants were serious about ending the practice, they could reach an agreement with Plaintiff to do so. They have not and as a result I believe there remains a controversy to be litigated.

For all of the foregoing reasons Defendants' motion to dismiss is denied and Plaintiff's complaint for declaratory relief may continue.

Craig A. Karsnitz

cc: Prothonotary

FILED PROTHONOTARY
SUSSEX COUNTY
2020 MAY 12 P 1: 14

9